Ouria, per

Whitner, J.
The grounds made in the brief lead this Court to look into the facts of the case; the verdict of the jury being challenged, because, as is alleged, wholly unauthorized by testimony.
A just appreciation of the value of jury trials is entertained, and not the slightest disposition is felt, therefore, on the part of the Court, to encroach upon the province of juries. Cases sometimes arise, however, when it is indispensable to the ends of justice that the sound legal discretion of the Court should be exercised in granting a new trial, although the matter of complaint be the action of the jury. Notwithstanding the peculiar and decided advantages of this tribunal, causes inseparable from its nature will occasionally operate very prejudicially. General rules for the special superintendence to be exercised, however desirable, may be admitted to be impracticable. Interference, *308 supervision, occasional control on the part of the Court, may lead to some diversity of practice ; but stern, unbending uniformity in sustaining, under all circumstances, a verdict of a jury, would be still more 'dangerous and unsatisfactory. But I need not vindicate this Court, certainly, from any imputation, because of improper interference with the province of the jury. The reply to suitors appealing from the verdict of a jury, has become almost a stereotype.
The case under consideration was an action to recover dam-ges for the breach of a co-partnership agreement. It was therefore alleged to be founded on contract. The plain tiff was bound to make out his case ; to make a prima, facie shewing of the nature and terms of the agreement, and some measure whereby damages might be awarded. In this case it was material and indispensable to establish the co-partnership during the year commencing in the summer of 1843. This was the starting point. The proof was from a single witness, present at two conversations between the partiés, when an agreement was concluded. The co-partnership to continue two or three years, the witness could not say which. These conversations he said were not concerted, but casual. The terms of the agreement were not well .understood by him, though, to the best of his recollection, the co-partnership was to commence on 1st August, 1841. This testimony, it will be perceived, leaves the fact wholly uncertain; his information was vague, and recollection indistinct, and on the precise point as to duration, whether it was two or three years, could only say it was one or the other. An alternative, according to all rules of evidence, is construed most strongly against him who affirms. But in addition there were other facts and circumstances, arising out of the plaintiff’s own shewing, decidedly adverse to the conclusion as to the duration of the co-partnership for the year in question. So palpable was the failure to establish this point, the main hinge of the case, that a Bill filed in Equity by defendant, and made testimony against him, because sworn to by him, was introduced. Yet this bill itself was at least double-edged, for whilst it established the fact *309 of co-partnership, it as clearly denied its continuance, closing it by its own terms, before the year that could avail the plaintiff. In this view no reference is made to the strong, if not conclusive testimony, offered by defendant, growing out of the conduct and admissions of plaintiff, as well as other facts, to negative this allegation, because the present purpose is to ascertain all that was offered bearing on this point; not to weigh conflicting testimony.
The proof as to damages was equally defective, so far as brought to the view of this Court, and in the measure adopted there would seem to have been the wildest caprice.
The legal point suggested in the argument, against the continuance of the co-partnership for the term of years alleged, will not now be considered. The facts of the case not being shewn, the point does not arise. This Court has been constrained to conclude that the verdict of the jury, in this case, was not only against the weight of testimony, but without any sufficient evidence to warrant it; and on • the grounds made in the brief, therefore, the motion for a new trial is granted.
O’Neall, Evans and Wardlaw, JJ. concurred.

Motion granted.